

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2007

# Bagley v. Bourne

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3459

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bagley v. Bourne" (2007). *2007 Decisions.* Paper 1006.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1006

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-229                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-3459

_____

ARTHUR BAGLEY,

<u>Appellant</u>

v.

BOURNE, CORRECTIONAL OFFICER, HER FIRST NAME UNKNOWN;
BARNES, CORRECTIONAL LIEUTENANT, HIS FIRST NAME UNKOWN;
RIEBA, LIEUTENANT, FIRST NAME UNKNOWN;
LEDDON, LIEUTENANT, FIRST NAME UNKNOWN;
PHYLLIS JONES-CARTER, CORRECTIONAL UNIT MANAGER,
A. SECTION UNIT MANAGER;
COLMAN, CORRECTIONAL UNIT MANAGER,
FIRST NAME UNKNOWN, B. SECTION UNIT MANAGER;
SHIRLEY LAWS SMITH, CORRECTIONAL HEALTH CARE ADMINISTRATOR;
U. KIHN, CORRECTIONAL PHYSICIAN, MD - HIS FIRST NAME UNKNOWN;
NICKOLAS, CORRECTIONAL PHYSICIAN, HIS FIRST NAME UNKNOWN;
MARY V. LEFTRIDGE BYRD, CORRECTIONAL SUPERINTENDENT;
ROXINA RUMLEY, ACTING SUPERINTENDENT;
MARY CAMINO, CORRECTIONAL HEARING EXAMINER;
PAT O'CONNOR, CORRECTIONAL GAUDENZIA PROGRAM-DIRECTOR;
FAISON, CORRECTIONAL COUNSELOR, FIRST NAME UNKNOWN;
BOURNE, CORRECTIONAL OFFICER;
CARTER, UNIT MANAGER; COLEMAN, UNIT MANAGER;
DEAN, LIEUTENANT;
SHIRLEY LONG-SMITH, CORRECTIONAL HEALTHCARE ADMINISTRATOR;
RIERA, LIEUTENANT; SEDDON, LIEUTENANT

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 05-cv-00288)
District Judge:  Honorable Timothy J. Savage

_____

Before:    SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>

(Filed: June 5, 2007)

⎯⎯⎯⎯⎯⎯⎯⎯

OPINION

⎯⎯⎯⎯⎯⎯⎯⎯

PER CURIAM

Appellant, Arthur Bagley, a prisoner at the State Correctional Institution at Houtzdale, Pennsylvania, proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights claims.  For the following reasons, we will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

On January 21, 2005, Bagley commenced an action in the District Court arising from events that took place while he was incarcerated at the State Correctional Institution at Chester, Pennsylvania ("SCI-Chester").  Bagley alleges that he requires frequent toilet access because he suffers from diabetes and hypertension, and that the defendants caused him physical and emotional harm by deliberately preventing him from using prison toilet facilities.  He singles out the conduct of co-defendant Correctional Officer Bourne, who is alleged to have interfered with Bagley's toilet access on various occasions over a period of several months.  Bagley's amended complaint asserts claims under 42 U.S.C. § 1983, alleging that the defendants violated his rights under the Eighth Amendment by acting

deliberately indifferent to his serious medical needs and subjecting him to inhumane conditions of confinement. The amended complaint also alleges that Officer Bourne violated Bagley's Fourteenth Amendment right to due process by arbitrarily and capriciously denying him access to his cell. In addition, Bagley raises claims against several of the defendants for breaching their supervisory duties.

The defendants filed a motion to dismiss the complaint or in the alternative for summary judgment on the grounds, inter alia, that Bagley's claims were untimely and not properly exhausted under 42 U.S.C. § 1997e(a). Bagley responded to this motion by submitting a brief in opposition and supporting exhibits. The District Court granted summary judgment after concluding that Bagley's claims were untimely under the applicable statute of limitations. Bagley now appeals. Because he is proceeding in forma pauperis, we will dismiss the appeal if it lacks an arguable basis in law or fact. See 28 U.S.C. § 1915(e)(2)(B); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We have jurisdiction under 28 U.S.C. § 1291. Our review of the District Court's order is plenary. See DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006).

We agree with the District Court's analysis regarding the timeliness of Bagley's claims. A party suing under 42 U.S.C. § 1983 must comply with the deadline prescribed

3

by state law for timely filing a personal injury action.  See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993).  Under Pennsylvania law, a plaintiff must file a personal injury action no later than two years after the cause of action accrues.  42 PA. CONS. STAT. ANN. § 5524.  We note that nearly all specific instances of misconduct referenced in the amended complaint are attributed to Officer Bourne.  The amended complaint states that Officer Bourne interfered with Bagley's toilet access on several occasions from February to September of 2002.  There is no dispute that Bagley's contact with Officer Bourne ceased by October 2002, when Bagley moved to a different cell block.  Bagley did not commence the instant suit within two years of that date, but instead waited until January 2005, or approximately three months after expiration of the two-year limitations period.[1]

The claims against the other defendants are also time barred because Bagley has failed to show that any of these parties engaged in misconduct within two years prior to the date he commenced this suit.  Although the amended complaint vaguely refers to ongoing interference with Bagley's toilet access from November 2002 and thereafter, the District Court correctly ruled that the evidence in the record does not establish a genuine issue of fact as to the occurrence of any constitutional violations during this open-ended

---

[1] Although we have not addressed the matter, several circuits have held that the limitations period applicable to § 1983 actions tolls while a prisoner exhausts available administrative remedies.  See Brown v. Valoff, 422 F.3d 926, 942-43 (9th Cir. 2005) (collecting cases).  We need not resolve the issue here because even if the claims against Officer Bourne presented no timeliness problem, they would be barred because Bagley did not present them to prison officials in total or substantial compliance with the internal grievance procedures.  See Spruill v. Gillis, 372 F.3d 218, 227-32 (3d Cir. 2004).

4

period.  Moreover, to the extent that Bagley asserts claims against defendants other than

Officer Bourne based on actions that occurred within the two-year limitations period, we

note that such claims are barred as a matter of law because Bagley has made no attempt to

exhaust them.  See 42 U.S.C. § 1997e(a).

Based on the foregoing, we will dismiss the appeal pursuant to 28 U.S.C. §

1915(e)(2)(B).  We deny Appellant's motion for appointment of counsel.